IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bump Health, Inc., an Illinois corporation, <br><br> Plaintiffs, <br><br> v. <br><br> Miss to Mrs Wedding Gifts, Inc. d/b/a Bump to Mom, a Canadian corporation <br><br> Defendant. | Case No. 23-cv- |

**COMPLAINT**

Bump Health, Inc., an Illinois corporation, complains of Miss to Mrs Wedding Gifts, Inc. d/b/a Bump to Mom, a Canadian corporation, stating:

**Parties, Jurisdiction, and Venue**

1. Bump Health is an Illinois corporation with a principal place of business at 7719 North Pioneer Lane, Peoria, Illinois 61615.

2. Bump Boxes does business in Illinois and throughout the United States and even worldwide.

1

3. Miss to Mrs Wedding Gifts, Inc. d/b/a Bump to Mom (**"Bump to Mom"**) is a Canadian non-distributing corporation with a registered address at 80 Harrison Garden Boulevard, Unit 2217, Toronto, Ontario M2N 7E3.

4. While located in Canada, Bump to Mom offers services and goods to Illinois consumers, including those in this District.

5. Bump to Mom operates a fully interactive website located at the URL [www.bumptomom.com](www.bumptomom.com) (the **"Infringing Website"**).

6. The Infringing Website's Terms and Conditions explicitly states that products can be shipped to the United States and provides the same delivery estimates for United States' and Canadian orders.

7. The Infringing Website functions as intended and allows shipping to Chicago.

8. Bump Boxes has confirmed that Bump to Mom ships goods into this District through orders made on the Infringing Website.

9. The Infringing Website offers products at prices set with a "$," without indication of whether it charges United States Dollars or Canadian Dollars.

10. Bump to Mom operates a Facebook page located at facebook.com/bumptomomsubscription where it makes various posts,

engages in marketing, and allows consumers to interact with it via comments, replies, and messaging. This Facebook page is available to consumers this District.

11. This Court has original subject-matter jurisdiction over the claims in this action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. It also has jurisdiction over the claims arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state-law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12. This Court has personal jurisdiction over the Defendant. Based on the foregoing, upon information and belief Defendant conducts significant business in Illinois and in this District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet store operating on

www.bumptomom.com and its marketing efforts on various social media platforms.

14. Defendant targets sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, and has sold, and, upon information and belief, continues to offer services that infringe Bump Boxes' trademarks. Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

**Facts Common to All Counts**

15. Christine and Leland Deehring founded Bump Boxes in 2013.

16. Through the Deehring family's efforts, Bump Boxes grew to be one of the leading providers of subscription box services for expectant mothers, expectant families, newborns, and families of newborns. It provides these products through its online retail store located at www.bumpboxes.com.

17. Bump Boxes also offers standalone products for expectant mothers, expectant families, newborns, and families of newborns at its online retail store.

18. Bump Boxes uses its BUMP BOXES and BUMP BOX trademarks in connection with its online retail services and subscription boxes and standalone products.

19. Subscription boxes are a popular way to purchase products on a recurring basis. These products are usually of a similar theme or type.

20. Along with superior customer service and high-quality products, Bump Boxes' success stems from its branding and attention to maintaining quality products, services, and customer service.

<u>Bump Boxes' Relevant Rights</u>

21. Bump Boxes owns several relevant marks and U.S. trademark registrations (the **"BUMP BOXES Marks"**):

| **Mark** | **USPTO Reg. No** | **Goods and Services** |
|---|---|---|
| BUMP BOXES | 4,640,511 | On-line retail store services featuring safe and healthy general consumer merchandise for mothers, fathers, babies, pregnancy, labor, and gifts |
| BUMP BOX | 4,783,547 | Retail store services featuring safe and healthy general consumer merchandise for mothers, fathers, babies, pregnancy, labor, and gifts |

| | | |
|---|---|---|
| Bump Boxes | 4,699,164 | On-line retail store services featuring safe and healthy products for mothers, fathers, babies, pregnancy, labor, and gifts. |

22. Bump Boxes has extensive common law rights in the BUMP BOXES Marks for the foregoing goods and services as well as standalone products.

23. The BUMP BOXES Marks are distinctive.

24. Bump Boxes' distinctive trademarks allow customers to purchase with confidence that the source of the goods and services is Bump Boxes. The BUMP BOXES Marks are part of that branding.

<u>Defendant's Wrongful Actions</u>

25. Over the years, competitors have adopted Bump Boxes' business model.

26. At times, those companies go beyond legitimate competition and engage in trademark infringement and unfair competition.

27. Bump to Mom is one of these overreaching competitors.

28. While Bump Boxes understands it cannot keep others from copying its business model, Bump to Mom is infringing the BUMP BOXES Marks and engaging in unfair competition to compete.

29. Defendant's online retail platform is located at the Infringing Website which, as stated above is accessible by, targeted to, and purposefully equipped to serve consumers in the United States, including this District.

30. This action is filed to combat Defendant's trademark infringement, unfair competition, and anti-cybersquatting, which not only damages Bump Boxes monetarily, but also damages the goodwill Bump Boxes' enjoys in its successful brand.

31. Upon information and belief, adopting the BUMP TO MOM Mark was a decision meant to trade off of Bump Boxes' good will or to cause consumer confusion.

## Count I
## Trademark Infringement
## 15 U.S.C. § 1114

32. Bump Boxes incorporates all the allegations above as if restated here.

33. Bump to Mom's use of BUMP TO MOM is likely to cause consumer confusion with Bump Boxes' BUMP BOXES Marks.

34. Bump to Mom's use of the BUMP TO MOM Markis use "in commerce" under the Trademark Act.

35. Bump to Mom's BUMP TO MOM Mark is similar in sight, sound, and commercial impression to Bump Boxes' BUMP BOXES Marks.

36. Both use the initial term "BUMP" in the marks, which dominates a consumer's focus.

37. Using the BUMP TO MOM Mark, Bump to Mom markets very similar or identical services to the services covered under the BUMP BOXES Marks.

38. Bump to Mom's use of the BUMP TO MOM Mark in connection with the sale or advertising of its services is likely to cause confusion as to the source, sponsorship, affiliation, or approval of the goods or services.

39. Upon information and belief, Bump to Mom's actions are also willful, knowing, and intentional.

40. Bump Boxes has been damaged by these infringing activities at an amount to be determined through discovery.

41. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count II
## Unfair Competition
## 15 U.S.C. § 1125(a)

42. Bump Boxes incorporates all the allegations above as if restated here.

43. Bump to Mom's use of the BUMP TO MOM Mark is likely to cause confusion or mistake and cause consumers to believe that Bump to Mom is connected to, associated with, or affiliated with Bump Boxes or that its services were sponsored or approved of by Bump Boxes.

44. Upon information and belief, Bump to Mom's actions were willful, knowing, and intentional.

45. Bump Boxes has been damaged by these infringing activities in an amount to be determined through discovery.

46. Unless enjoined by the Court, these activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count III
## Cybersquatting
## 15 U.S.C. § 1125(d)

47. Bump Boxes incorporates all the allegations above as if restated here.

48. Defendant, or its agents, adopted, registered, and use the domain bumptomom.com (the **"Domain"**) to offer customers monthly subscription gift boxes for women who are pregnant or who have just given birth.

49. The Domain is a domain name that is confusingly similar to the BUMP BOXES Marks.

50. The dominate portion of the Domain is BUMP.

51. BUMP is the dominant portion the BUMP BOXES Marks.

52. The registered BUMP BOXES Marks were both registered and distinctive before Defendant's registration of the Domain.

53. Upon information and belief, Defendant's adoption, registration, and past and present use of the Domain has been for commercial gain and in a bad-faith intent to profit.

54. Upon information and belief, Defendant's actions were and are willful, knowing, and intentional.

55. Bump Boxes has been damaged by these infringing activities in an amount to be determined through discovery.

56. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count IV
## Common Law Trademark Infringement and Unfair Competition

57. Bump Boxes incorporates all the allegations above as if restated here.

58. Bump to Mom's use of the BUMP TO MOM Mark is likely to cause confusion or mistake and cause consumers to believe that Bump to Mom is connected to, associated with, or affiliated with Bump Boxes or that its services were sponsored or approved of by Bump Boxes.

59. Upon information and belief, Bump to Mom's actions were willful, knowing, and intentional.

60. Bump Boxes has been damaged by these infringing activities in an amount to be determined through discovery.

61. Unless enjoined by the Court, the infringing activities will continue unabated and will continue to cause harm to Bump Boxes for which there is no adequate remedy at law.

## Count V
## Violation of the Illinois Uniform Deceptive Trade Practices Act
## 815 ILCS § 510, et seq.

62. Bump Boxes incorporates all the allegations above as if restated here.

63. Bump to Mom has engaged in acts violating Illinois law, including, but not limited to, causing a likelihood of confusion or misunderstanding about the source of its goods offered for sale in Illinois.

64. This violates the Illinois Uniform Deceptive Trade Practices Act.

65. Bump to Mom's conduct caused Bump Boxes to suffer damage to its reputation and goodwill.

66. Bump to Mom's has obtained profits it would not have otherwise realized absent infringement of the BUMP BOXES Marks.

## Count VI
## Injunctive Relief

67. Bump Boxes incorporates all the allegations above as if restated here.

68. Bump Boxes will succeed in this action.

69. Bump to Mom is infringing Bump Boxes trademark rights.

70. In doing so, Bump to Mom is appropriating Bump Boxes' good will and, potentially, damaging it.

71. It is difficult to impossible to place a monetary value on the goodwill associated with Bump Boxes' BUMP BOXES Marks.

72. Bump Boxes has no adequate remedy at law and will suffer irreparable harm if an injunction is not entered against Bump to Mom, enjoining from using the BUMP TO MOM Mark to offer and sell similar goods and services to Bump Boxes.

73. Bump to Mom will suffer no harm or very limited harm by being required to cease its infringing conduct. It need only sell under a different, non-infringing brand.

74. The public is well served by enforcement of trademark rights, which will help prevent consumer confusion.

75. The law, under the Trademark Modernization Act of 2020, establishes a rebuttable presumption of irreparable harm when a violation of the Lanham Act is established.

### Jury Demand

Bump Health, Inc. demands a trial by jury on all issues so triable.

**Prayer for Relief**

WHEREFORE, Bump Boxes, Inc. requests that this Court enter judgment against Defendant, Miss to Mrs Wedding Gifts, Inc. d/b/a Bump to Mom, as follows:

A.	Entering Judgment against Defendant and for Bump Boxes, Inc. on all counts;

B.	Finding Defendant's activities were conducted willfully for profit;

C.	Awarding Bump Boxes, Inc. profits and the damages resulting from Defendant's infringing conduct;

D.	Awarding Bump Boxes, Inc. profits and the damages resulting from Defendant's acts of unfair competition;

E.	Awarding Bump Boxes, Inc.'s profits and the damages resulting from Defendant's cybersquatting, or in the alternative, statutory damages of $100,000;

F.	Awarding Bump Boxes, Inc. treble, punitive, or otherwise enhanced damages, as available, for Defendant's willful acts;

G.	Ordering Defendant to deliver up for impoundment and destruction all products bearing the BUMP TO MOM Mark in its possession;

H.      Granting Bump Boxes, Inc. preliminary and permanent injunctive relief against further infringement or false designations of origin by Defendant,

I.      Ordering the Defendant to transfer and assign the registration for the Domain bumptomom.com and any other domains confusingly similar to the BUMP BOXES Marks to Bump Boxes, Inc.;

J.      Finding that this case is an "exceptional case" under the Lanham Act;

K.      Award Bump Boxes, Inc. its costs of suit and attorneys' fees; and

L.      Grant Bump Boxes, Inc. such other and further relief as justice requires.

> Respectfully submitted,
> Bump Health, Inc., by,
> /jlap/
> Jonathan LA Phillips (IL6302752)
> PHILLIPS & BATHKE, P.C.
> 4541 North Prospect Road
> Suite 300A
> Peoria Heights, Illinois 61616
> 309 643 6518
> jlap@pb-iplaw.com

                    John T.D. Bathke (IL6305438)
                    PHILLIPS & BATHKE, P.C.
                    53 West Jackson Boulevard
                    Suite 805
                    Chicago, Illinois 60601
                    312 260 9160
                    jtdb@pb-iplaw.com
                    *Attorneys for Bump Health, Inc.*